JOSEPH LAMOTHE AND JOSEPHINE LAMOTHE HIS WIFE, Plaintiffs in Error, *v.* JOHN C. LIPPOTT, Defendant in Error.

*Estoppel—Record—Judgment—Admtnistration—Evidence.*—Parol evidence is not admissible in a collateral suit to contradict the records of the Probate Court, showing that the lands of an intestate had been sold to pay debts.

*Error to St. Louis Land Court.*

*Morehead,* and *Krum & Decker,* for plaintiffs in error.

*Gardner,* and *Cline & Jamison,* for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

The main and important question we understand to be the ruling of the Land Court in refusing to admit testimony to prove. that Therèse Beron at the time of her death owed no debts. The record from the Probate Court shows that after the death of Therèse Beron the public administrator of St. Louis county took charge of her estate, and gave the proper notice of the fact as required by law; that an inventory and appraisement of the effects were made, and that accounts were presented and allowed against the estate for an amount greatly in excess of the value of the personal property. The administrator then presented his petition to the court praying for the sale of the real estate to pay the demands proved up against the estate, and the prayer of the petition was granted and the order of sale made. It is admitted that notice of publication was regularly given and published of the sale, that the sale was made by the administrator and properly approved by the court, and that one John C. Marine became the purchaser, from whom the defendant in this suit derives his title by conveyance. To avoid the effect of the sale and conveyance, and show title in the plaintiff, an attempt was made to prove that the intestate Therèse owed no debts at the time of her decease, and that the Probate Court, in making the order and approving the sale, acted without jurisdiction.

Lamothe et ux. v. Lippott.

This evidence was rejected. It is contended that the evidence was legitimate for the purpose for which it was offered, and to support this position the case of Farrar et al. v. Dean, 24 Mo. 16, is mainly relied upon. But that case is no authority in this, and does not give the slightest countenance to the doctrine contended for. It is not analagous in any point or particular. There the owner of the lot died leaving no debts; letters of administration were taken out, and not a single debt was ever allowed and proved up against the estate; costs accrued in consequence of the administration, and the property was sold to pay the expenses incurred by administering, and it was decided that the statute only provided for the sale of real estate to pay debts; and as there were no debts, the whole proceeding was an error. It was evident that the administration was initiated, undertaken, and carried on, with a view of obtaining title to the property, and not to subject it to any rightful or lawful claim; and as it was conducted without authority of law, it was extrajudicial and void from the beginning. But quite different is the case under consideration: debts were regularly presented, allowed, and classified; and the personal property being insufficient for their satisfaction, resort was had to the realty according to the method prescribed by law.

The record shows that the Probate Court had full jurisdiction, and the presumption is in favor of its proceedings, and it is not competent to attack the record by parol in this collateral manner. If the allowances were procured by fraudulent and false means and pretences, unjustly, and to the injury of the estate and the parties interested, a court of equity, on a proper showing of the facts, might afford a remedy; but in a proceeding wholly collateral a party cannot be permitted to introduce oral testimony to falsify the record, when it plainly appears that the court whose record is thus sought to be impeached had jurisdiction.

Judgment affirmed. The other judges concur.